IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jose Lopez-Diaz, ) | Civil Action No. 1:18-cv-03471-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| H. Joyner, *Warden*, ) | |
| ) | |
| Respondent. ) | |

Petitioner Jose Lopez-Diaz, proceeding *pro se* and *in forma pauperis*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2008) ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 25.) For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 25), **GRANTS** Respondent's Motion to Dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 19), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 25.) In June 2012, a jury found Petitioner guilty of healthcare fraud, conspiracy to commit healthcare fraud, and aiding and abetting aggravated identity theft, and the jury also returned a special forfeiture verdict for $727,729.16. (*Id.* at 2.) Petitioner is serving a 121-month sentence at Federal Correctional Institution Estill in Estill, South Carolina. (*Id.* at 1.) Petitioner filed a Habeas Petition on December 17, 2018. (ECF No. 1.) On April 2, 2019, Respondent filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 19.) The Magistrate Judge issued a *Roseboro* order notifying Petitioner of Respondent's

motion and advising him of the possible consequences if he failed to respond adequately. (ECF No. 20.) Petitioner filed a Response on April 15, 2019, and two supplemental responses in May 2019. (ECF Nos. 22, 23, 24.) The Magistrate Judge issued her Report on October 1, 2019, recommending that the court grant Respondent's Motion and dismiss the Habeas Petition with prejudice. (ECF No. 25 at 9.) Petitioner timely filed objections to the Report on October 15, 2019. (ECF No. 27.)

## II. LEGAL STANDARDS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

The Magistrate Judge recommends Respondent's Motion to Dismiss be granted because "Petitioner's challenge arises from the imposition of his conviction or sentence, and not its execution." (ECF No. 25 at 6.) As such, the court "lacks jurisdiction to consider Petitioner's [Section] 2241 [Habeas Petition], as he cannot show that [Section] 2255 is inadequate to test either his conviction or his sentence." (ECF No. 25 at 8.) Petitioner objects and asserts the following, verbatim:

> The case after six years does not have victims and the next step is give my liberty.
>
> The court has knowledge of the evidence in the amount money and under the law . . . the petitioner request to the judge for the follow and compliance the law.
>
> The intention of every government employer with knowledge in do not respect the law is sufficiently evidence for find charge of 'Criminal Act.'
>
> The intention of every person with knowledge for commit antisocial behavior will find the diagnosis of 'Psychopatah Disorder' and will require a mental health disease management.
>
> The judge need will give to the Warden Mackeburg the power and support for complete the 'Administrative Process,' and order the pay of the money or liberate the 'Innocent Prisoner' preventing the actual status of disaster in the prison.

(ECF No. 27 at 1-2.) The court finds that, while Petitioner seems to object to specific portions of the Report, he merely rehashes his previous assertions. (*Compare* ECF Nos. 22, 23, 24.) Absent specific objections to the Report, the court must only review the record to ensure that there is no clear error. *See Diamond*, 416 F.3d at 315.

Here, Petitioner claims that Section 2241 applies because "[t]he payment of restitution to the government is considered part of the sentence and the execution of that sentence is what [he] is challenging." (ECF No. 25 at 4-5 (citing ECF No. 23 at 1).) The Report provides: "Petitioner requests relief because the [Bureau of Prisons] has failed to provide the names of the victims, how much money has been paid to each victim, and a description of the manner in which the money is being distributed" and "alleges that the BOP failed to respond to his requests for information because there are no victims and the government has illegally seized his money and property." (*Id.* (citing ECF Nos. 1-2 at 8; 22 at 1-2.) Moreover, "Petitioner contends the lack of victims establishes his innocence and justifies his immediate release." (*Id.* (citing ECF No. 22 at 2).)

However, the Magistrate Judge determined that the substance of the Habeas Petition is a challenge to Petitioner's conviction and sentence rather than the BOP's compliance with statutory regulations. (*See* ECF No. 25 at 6.) As such, "[a] petitioner cannot challenge his federal conviction and sentence under [Section] 2241 unless he can satisfy the [Section] 2255 savings clause . . . ." (*Id.* at 6-7 (citing 28 U.S.C. § 2255(e)).) Despite Petitioner's assertion that Section 2255 "is inadequate because he is challenging the BOP's administrative procedures," the Magistrate Judge concluded that the court lacks jurisdiction to consider the Habeas Petition under Section 2241 because "[Petitioner] cannot show that [Section] 2255 is inadequate to test either his conviction or his sentence . . . [and] fails to cite any recent change in substantive law or assert how that change impacts his case." (*Id.* at 8.) Consequently, the court finds that Petitioner is not entitled to relief

4

under Section 2241.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 25), **GRANTS** Respondent's Motion to Dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 19), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

January 10, 2020
Columbia, South Carolina